# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

SHORT RECORD
Appeal No. 14-8024
Filed 9/16/14

### No. 14-_____

| | | |
|---|---|---|
| BRIAN OTERO, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| | ) | 12 C 3148 |
| Plaintiff, | ) | |
| | ) | Honorable Judge |
| vs. | ) | Amy J. St. Eve |
| | ) | |
| THOMAS J. DART, *et al.* | ) | Magistrate Judge |
| | ) | Michael T. Mason |
| Defendants. | ) | |

## DEFENDANT DART'S RULE 23(f) PETITION FOR PERMISSION TO APPEAL

Petitioner Thomas Dart, Sheriff of Cook County, respectfully requests that the Court grant permission to appeal from the district court's order of September 2, 2014 (R. 92 attached as Appendix 1)("Order"), granting Plaintiffs' renewed motion for class certification pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 23(b)(3), which certified the following class:

> All male inmates who while being detained by the Cook County Sheriff's Office were found not guilty, were acquitted, or had charges brought against them dismissed, and for whom the Sheriff's Office no longer had any legal right to detain from April 27, 2010 through the present. (App. 1, p.18).

Petitioners ask this Court to grant permission to appeal where: (1) the district court disregarded this Court's opinions in *Harper v. Sheriff of Cook County*, 581 F.3d 511, 515-16 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 910 (2010), and *Portis v. City of Chicago*, 613 F.3d 702 (7th Cir. 2010), which are applicable to the instant case and demonstrate that Plaintiff's class fails to meet the requirements of Fed. R. Civ. P. 23(a) and the predominance requirement of Fed. R. Civ. P. 23(b)(3). *See Harper*, 581 F.3d at 515-16 (whether a specific procedure for processing individuals who have been remanded to the Sheriff is unconstitutional must consider the specific

facts and circumstances of each detainee's release and "liability, to say nothing of damages, would need to be determined on an individual basis"); *Portis*, 613 F.3d at 705 (decertifying the class and rejecting the plaintiff's argument for a "bright line" rule in determining whether a detention was unreasonable and instead finding such analysis be done on a case-by-case basis); and (2) the district court improperly infringed on the deference afforded to correctional officials in running a facility like Cook County Jail (CCJ). *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979)(courts should ordinarily defer to expert judgment in jail administration); *Lewis v. O'Grady*, 853 F.2d 1366, 1369 (7th Cir. 1988)(the sheriff is "given wide discretion in releasing a discharged prisoner").

## JURISDICTIONAL STATEMENT

Plaintiff originally brought claims under 42 U.S.C. § 1983, alleging that the process of discharging male detainees from CCJ who had been found not guilty or otherwise acquitted was unconstitutional. R. 1, ¶ 11. In particular, Plaintiff alleged that the CCJ's process of thoroughly reviewing documentation and performing identity checks to determine whether a detainee has other pending criminal matters or outstanding warrants, is unconstitutional. Plaintiff, on behalf of the purported class, sought class certification under Fed. R. Civ. P. 23(b)(2) and (b)(3). R. 41, p. 7, n.5. The district court originally denied Plaintiff's motion for class certification *with prejudice* as to a class based on the alleged unreasonableness of the delay in releasing acquitted detainees, and denied the motion *without prejudice* as to a class based on a challenge to any specific detention procedures. R. 52, pp. 14-15. Plaintiff subsequently filed an amended class action complaint and a renewed motion for class certification on seeking compensatory damages under Fed. R. Civ. 23(b)(3). R. 56, 60. In his amended complaint, Plaintiff expanded the definition of his proposed class to include male detainees who had not only been found not guilty or acquitted,

but also those who had charges against them dismissed or otherwise received a judicial determination requiring their release. R. 56, p. 5.

On September 2, 2014, the district court granted Plaintiff's motion for class certification, but modified the class definition by removing the language "or otherwise received a judicial determination requiring their release" from the original class definition. R. 92, p. 18. Petitioner filed this petition for permission to appeal within fourteen (14) days following the entry of the district court's order granting the motion for class certification. This Court has the discretionary authority to hear this appeal pursuant to Fed. R. Civ. P. 23(f). *See Carnegie v. Household Int'l Inc.*, 376 F.3d 656, 658 (7th Cir. 2004).

The district court's decision to grant certification in this matter seriously undermines and is in conflict with well-established Supreme Court and Seventh Circuit precedent regarding both class action litigation and the limits of judicial involvement in the administration of correctional facilities. Specifically, the district court failed to apply *Harper* and *Portis*, both of which compel denial of class certification and are binding authority in this Circuit. the district court's decision ignores the need for thorough and accurate review of detainee records at the largest single-site jail facility in the United States, R. 80, p. 3, to ensure not only that the discharge of detainees takes place as promptly as practicable, but also that the *wrong* person is not discharged, which could pose a very real and serious threat to the members of society. The district court's certification of the class also runs afoul of the guidance provided by the Supreme Court and this Court in according due deference to correctional facilities. Instead, the district court has decided to certify Plaintiff's class – despite very limited discovery, no citations to authority that would support Plaintiff's claim, no expert discovery or opinion and no citation to accepted correctional standards that would even suggest that the CCJ discharge procedure is unreasonable, let alone

unconstitutional. Moreover, and significantly, the CCJ discharge procedure is not part of the dozens of conditions and issues that are part of the consent decree in *United States v. Cook County*, 10 C 2946, which illustrates that concerns, if any, about the discharge procedure are not sufficient to merit inclusion in the wide-ranging issues that comprise that lawsuit.

Permission to appeal pursuant to Fed. R. Civ. P. 23(f) may be granted or denied "on the basis of any consideration that the court of appeals finds persuasive." *Blair v. Equifax Check Srvcs, Inc.*, 181 F.3d 832, 833 (7th Cir. 1999)(*citing* Committee Note accompanying Fed. R. Civ. P. 23(f)). However, there is a stronger case for allowing an appeal where ". . . the more novel the issue presented by the appeal and so less likely that the district court's resolution of it will stand, more important the resolution of the issue is either to the particular litigation or to the general development of class action law, and the more likely the prompt resolution of the issue is to expedite the litigation and prevent a coercive settlement. . ." *Carnegie*, 376 F.3d at 658; *see also Blair*, 181 F.3d at 835 (an appeal may be taken if it facilitates the development of the law).

This Court should grant Defendant's petition to appeal the district court's decision as these concerns are present in the instant case. The class that has been certified is novel in this Circuit as prior class litigation has involved specific aspects of the discharge process that were alleged to be unconstitutional, including strip searches and invasive testing for sexually transmitted diseases, but that is not the case in the present matter.[1] The importance of appellate review of the district court's decision is also significant because of the volume of litigation involving CCJ, including lawsuits that are seeking to proceed as class actions. A ruling by this Court would clarify the requirements for a plaintiff's lawsuit to be certified as a class action, *see*

---

[1] *Streeter v. Sheriff of Cook County*, 256 F.R.D. 609 (N.D. Ill. 2009), *Young v. County of Cook*, 06 C. 552 (N.D. Ill.) and *Bullock v. Sheahan*, 225 F.R.D. 227 (N.D. Ill. 2004) all involved strip searches and *Jackson v. Sheriff of Cook County*, 06 C 493 (N.D. Ill.) involved a procedure that involved testing of detainees for sexually transmitted diseases by way of taking a penile swab.

*Blair*, 181 F.3d at 835 (noting that a consideration of whether to take an appeal is it would facilitate the development of the law), both generally and in the context of lawsuits involving correctional facilities, and also potentially limit the individuals who are members of the class or impose limitations on damages. Finally, assuming *arguendo* that all class members are entitled to damages, review by this Court could "prevent a coercive settlement," as many class members will be entitled to no more than nominal damages and their success at trial is unlikely, but the number of class members and fees may unfairly increase the pressure to settle this case. *See Carnegie*, 376 F.3d at 658.

## QUESTIONS PRESENTED

1.      Whether the district court abused its discretion in certifying Plaintiff's class in light of this Court's decisions in *Harper* and *Portis*, which reversed class certification where the required individual inquiries defeated both commonality and typicality under similar factual scenarios, and where there was no predominance because each detention needed to be evaluated under a reasonableness standard, rather than a rule. *Harper*, 581 F.3d at 515; *Portis*, 613 F.3d at 705.

2.      Whether the district court abused its discretion where its ruling on class certification constitutes an unwarranted intrusion on the administration of the Cook County Jail.

## STATEMENT

**I.**    **The District Court Abused its Discretion in Finding Plaintiff Met the Commonality and Typicality Requirements of Rule 23(a) and the Predominance Requirement of Rule 23(b)(3) Where its Ruling Disregarded This Court's Holdings in *Harper* and *Portis*, Which Require Denial of Certification of Plaintiff's Class**

The district court abused its discretion by disregarding the Court's holdings in

*Harper* and *Portis* that common questions regarding reasonableness do not predominate "because reasonableness is a standard rather than a rule, and because one detainee's circumstances differ from another's." *Portis*, 613 F.3d at 705; *Harper*, 581 F.3d at 515.

### A. The district court abused its discretion by finding that Plaintiffs satisfied the commonality and typicality requirements of Rule 23(a)

Under Rule 23(a), the party seeking certification must demonstrate, first, that: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, (4) the representative parties will fairly and adequately protect the interests of the class. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541; 180 L. Ed. 2d 374 (2011). The typicality requirement under Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). The district court's determination may be made only after it conducts a "rigorous analysis" granting certification. *See Comcast Corp. v. Behrend*, 133 S. Ct 1426, 1432 (2013).

This Court addressed similar detention-related proceedings and held that class certification was not appropriate. In *Harper*, the plaintiff attempted to certify a class based on, as the court ultimately "decipher[ed]", an allegation that the Sheriff's policy of holding detainees after bond had been posted was unconstitutional. *Harper*, 581 F.3d at 514-15. In vacating the district court's decision to certify the plaintiff's proposed class, this Court held that the "constitutionality of this detention depends on whether the length of the delay between the time the Sheriff was notified that bond had been posted and the time that the detainee was released was reasonable in any given case." *Id.* at 515. Such a determination is:

> an individual issue that will depend on how long each detainee was held after
> bond was posted and what justifications there might be for the delay on that
> particular day or for that particular detainee--the time of day, whether the jail
> was processing an unusually large number of detainees at that time, whether
> other events occurring at the jail legitimately slowed processing times, whether
> the detainee's lack of cooperation delayed processing, etc.

*Id.; see Lewis v. O'Grady,* 853 F.2d 1366, 1370 (7th Cir. 1988)(what is a reasonable time for

detaining prisoner after grounds for detention have ceased depends on facts presented in each

case). Moreover, "[l]iability, to say nothing of damages, would need to be determined on an

individual basis. Thus, common issues do not predominate over individual issues, making this

case inappropriate for class disposition." *Harper*, 581 F.3d at 515; *see* FED. R. CIV. P. 23(b)(3).

In *Portis v. City of Chicago*, 613 F.3d 702 (7th Cir. 2010), this Court reversed

certification of a class of arrestees that were held more than two hours from the time a Central

Booking (CB) number was issued until they were released from police custody. 613 F.3d at 705.

The court found that the facts and circumstances for each detainee's release, in addition to the

length of time they remained in custody, would have to be examined and that such inquiry goes

to the reasonableness of the detention – which is a "standard rather than a rule." *Id.*

In this case, the district court's ruling granting class certification disregarded this Court's

decisions in *Harper* and *Portis* and doing so constituted an abuse of discretion. On a daily basis,

CCJ transports approximately 1,000 pretrial detainees to 17 different courthouses located

throughout Cook County. R. 80, p. 3. Once a detainee is found not guilty, acquitted, or had the

charges brought against him dismissed, the CCJ personnel can only then begin the process of

discharging a detainee once the orders are received from the court. *Id*, p. 12. The paperwork (i.e.,

court orders) necessary to begin this procedure is generated by the combined effort of the

courtroom clerk and the judge, with no involvement of Sheriff's personnel at all. *Id.*, p. 10. Once

the proper paperwork is received, CCJ staff is able to conduct a series of checks – including if

the detainee has other pending cases, outstanding warrants or any other reason why the detainee

should still be detained. R. 80, pp. 11-12. This process is continuous, taking place twenty-four

hours a day, seven days a week. *Id.*, p. 11.

Once this labor-intensive process is completed, the pack is returned to a sergeant and

auditor for review. R. 80, p. 13. At that point, the receiving room receives the pack and, after a

final review, the detainee is brought from his division to complete the discharge process. *Id.* At

this point, the final paperwork is completed so that the detainee may be discharged. *Id.* The

detainee then retrieves any personal property that he entered the jail with and is allowed to leave

the outer gate of CCJ after a final identity check is done.

Proper analysis of each putative class member's claim requires the district court to make

individualized determinations as to the reasonableness of *that* detainee's release. As this Court

held in *Harper* – and as is equally applicable here - the determination of whether a detainee's

detention was constitutional or not depended on the reasonableness of the delay in *each*

detainee's case. *Harper*, 581 F.3d at 515 (emphasis added). This analysis will need to be done

for every class member in order to determine if their discharge was improper. *Harper* and *Portis*

teach that the length of detention is a crucial and potentially dispositive variable which will

undoubtedly vary from class member to class member and thus is not common to the class as a

whole. And under these cases, the time of detention cannot simply be removed from the inquiry,

even where the procedure itself is allegedly at issue. Whether Plaintiff's class suffered a

constitutional harm – as well as any recovery – is dependent on the length of time that each

detainee was in custody. *See Portis*, 613 F.3d at 705 (length of time among the factors to be

considered in determining if a detention is reasonable). This Court has made it clear that

individualized determinations, under very similar circumstances, is required not just in light of

damages, but also in determining *liability* and thus Plaintiff's claims are not suitable for a class

action. *See Harper*, 581 F.3d at 515-16; *Lewis v. Tully*, 660 F. Supp. 293, 296 (N.D. Ill. May 14,

1987)("No court has ever held jailers liable for delaying a prisoner's release in order to verify his

identify and ensure that they have no further basis for holding him"); *see also Portis*, 613 F.3d at

705 (each plaintiff would bear the burden of showing that his detention was unreasonable).

Therefore, the district court erred in granting Plaintiff's motion for class certification and this

Court should reverse that decision.

      Neither the Plaintiff nor the district court has cited any legal precedent, correctional

standards, or correctional expert opinion stating that CCJ's approach to transporting and

processing purported class members contradicts accepted correctional practice, let alone is

unconstitutional. Instead, the district court assumes the discharge procedure at CCJ is per se

unconstitutional without any evidentiary support to buttress this claim and without any showing

of harm. This is clearly contrary to the holdings of *Harper* and *Portis,* and the district court

should have rejected Plaintiff's effort to certify his class.

      The district court distinguished *Harper* and *Portis* based on Plaintiff's change in "focus"

in his renewed class certification motion and opined that this Court implicitly left open the

possibility of class treatment where the constitutionality of a particular detention procedure was

being challenged as long as the length of detention was not a central issue in the case. R. 92, pp.

8-9.[2] However, the issue of how long a detainee was held after he was to be released is not only

"a" central issue, but "the" central issue in this case, regardless of Plaintiff's focus. *See Harper*,

581 F.3d at 515. Plaintiff's *allegations* in his second attempt at certification are the same as those

made in his original class motion and clearly require the application of *Harper* and *Portis*.

---

[2] The district court referred to this as an "overdetention plus" type of case in its earlier opinion denying
Plaintiff's motion for class certification. R. 52, p. 9.

Moreover, the district court relied on cases where the length of time was not at issue and instead involved allegations of additional constitutional violations independent of merely being held in custody.[3] These factual distinctions are significant and, as Plaintiff's class lacks any such additional claims, *Harper* and *Portis* are clearly applicable and binding on the district court. In the absence of authority for Plaintiff's claim not being governed by the decisions in *Harper* and *Portis*, review by this Court is warranted under Fed. R. Civ. P. 23(f). *See Carnegie*, 376 F.3d at 658 ("the more novel the issue presented by the appeal and so the less likely that the district court's resolution of it will stand . . . the stronger the case for allowing the appeal").

For the above reasons, the district court erred in granting Plaintiff's motion for class certification and this Court should accept Petitioner's petition and reverse the order certifying Plaintiff's class.

**B. The district court abused its discretion by finding that Plaintiffs satisfied the predominance and superiority requirements of Rule 23(b)(3).**

Rule 23(b)(3) allows for certification where the requirements of Rule 23(a) have been met, and where the Court finds that "questions of law or fact common to members of the class predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for resolving the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3)'s predominance requirement is "far more demanding" and the district court has "a duty to take a 'close look' at whether common questions predominate over individual ones." *Comcast*, 133 S. Ct at 1432.

In the instant case, the district court erred in its conclusion that Plaintiff met his burden and established the predominance requirement under Fed. R. Civ. P. 23(b). In order for a plaintiff

---

[3] *Streeter*, *Young*, and *Bullock* all involved strip searches; *Parish v. Sheriff of Cook County*, 07 C 4369 (N.D. Ill.) in which there is a pending motion to decertify the class, alleged there was an allegation of a policy denying or delaying the provision of necessary medication; and *Jackson* involved the testing of a detainees for sexually transmitted diseases by way of taking a penile swab.

to make a sufficient showing, he must demonstrate that common answers to common questions must not only exist, but must *predominate* over any necessary individualized inquiry. *Comcast*, 133 S. Ct. at 1432 (emphasis added). Damages must also be susceptible to measurement across the entire class and questions of individual damages cannot overwhelm questions common to the class. *See, e.g., Amgen, Inc. v. Connecticut Retirement Plans & Trust Funds*, 133 S. Ct. 1184, 1196 (2013); *Comcast*, 133 S. Ct. at 1433 (reversing class certification where questions of individual damages in that case would "inevitably overwhelm" questions common to the class). Here, there is no question that inquiry into each and every class member's length of detention and any factors that would have increased that time,[4] as well as the individual facts and circumstances or events prior to that detainee's discharge (e.g., being allegedly beaten up), must be made; therefore, Plaintiff did not satisfy the predominance requirement and the district court erred in certifying the class. *See e.g., Amchem Prods. v. Windsor,* 521 U.S. 591, 624-25 (1997)(the fact that all members of proposed class were exposed to asbestos insufficient to satisfy predominance requirement where greater number of significant individual issues existed); *Harper*, 581 F.3d at 515 ("claiming that an issue predominates does not make it so"); *see also Portis,* 613 F.3d at 705)("Because reasonableness is a standard rather than a rule, and because one detainee's circumstances differ from another's, common questions do not predominate and class certification is inappropriate"); *Hyderi v. Wash. Mut. Bank, FA*, 235 F.R.D. 390, 398 (N.D. Ill. 2006)(Filip, J.)(a putative class representative cannot define the issues narrowly solely to meet the predominance requirement and "leav[e] all of the individual issues for follow-on proceedings. . .").

---

[4] For example, the distances between CCJ and the suburban courthouses ranges from 17 miles to the Bridgeview courthouse and up to 33 miles to the Rolling Meadows courthouse, with travel on some of the busiest highways in the State and often during "rush hour." *See* R. 80, pp. 4-5 (citations omitted).

The district court's decision to certify the class was also error because it is not a superior method in which to proceed. The likelihood of individuals proceeding with their own lawsuits – rather than remaining in Plaintiff's class – is evidenced by no fewer than four individual lawsuits currently pending in the Northern District making virtually the same allegations as those put forth by Plaintiff.[5]

Further, as this Court noted, "[i]f resolving a common issue will not greatly simplify the litigation to judgment or settlement of claims of hundred or thousands of claimants, the complications, the unwieldiness, the delay, and the danger that class treatment would expose the defendant or defendants to settlement-forcing risks are not costs worth incurring." *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014). A grant of class certification "can put considerable pressure on the defendant to settle, even when the plaintiff's probability of success on the merits is slight. . . [and] some district judges may be tempted to use the class device to wring settlement from defendants whose legal positions are justified but unpopular." *Blair*, 181 F.3d at 834. Moreover, the possibility of a large judgment in a class action suit, even if only slight, can force a "blackmail settlement[ ]" and "judicial concern about them is legitimate, not 'sociological.'" *In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1298 (7th Cir. 1995). Whether or not this case would survive summary judgment may be an issue for another day, but it is almost undisputable that many – if not virtually all – of the class members will have nothing more than time for which to be compensated; the number of class members who missed a job interview or the birth of a child as a result of the delay in their discharge will likely be small or even non-existent. However, the possibility of settlement for reasons other than legal merit of the claims support this Court granting Petitioner's request for permission to appeal pursuant to Fed. R. Civ. P. 23(f).

---

[5] *See Johnson v. Dart*, 13 C 7880 (Lee, J.); *January v. Dart*, 13 C 4766 (Pallmeyer, J.); *Smith v. Dart*, 13 C 8223 (Tharp, J.); *Shultz v. Dart*, 13 C 3641 (Feinerman, J.).

II.    **The District Court's Ruling Improperly Infringes on the Deference That Correctional Officials are Entitled to in the Administration of Cook County Jail**

The effect of the district court's decision is to impose restrictions upon CCJ on how detainees are to be released from custody. Courts of review, including the Supreme Court and the Seventh Circuit, have instructed courts to defer to the expertise and experience of jail officials in how to run a correctional facility. However, the district court disregarded established precedent and instead substituted its own judgment, despite Plaintiff's failure to show, with *any* evidence, that the discharge procedure was not constitutionally permissible.

As the Supreme Court cautioned, because "problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions…[p]rison administrators…should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell*, 441 U.S. at 547; *see Block v. Rutherford,* 468 U.S. 576, 589 (1984)(courts may not engage in "an impermissible substitution of [our] view on the proper administration of [a correctional facility] for that of the experienced administrators of that facility.").

The district court concluded that Plaintiff's claim was based on the processing of acquitted detainees in the same way as the rest of the detainees, specifically for commingling acquitted or "not guilty" detainees with other detainees and returning them to their cells in their respective living units. R. 92, p. 9. The conclusion that putting these two groups together or making detainees return to their cells is unconstitutional or improper is without any support in Seventh Circuit jurisprudence.

This Court's decision in *Lewis* demonstrates that the district court's ruling was impermissibly overbroad and crossed into the province and expertise of jail officials. In *Lewis*,

13

the plaintiff was arrested on a warrant that was later found to be for a different person. 853 F.2d at 1367. After it was determined that the plaintiff was not the person named in the warrant, the judge entered an order which simply reflected that the plaintiff was not the person named in the warrant. 853 F.2d at 1369. The Court distinguished between an order from the judge to release the plaintiff and a release made pursuant to an administrative determination by the Sheriff, which in this case consisted of administrative steps to verify the plaintiff's identity before releasing him and found this distinction to be "critical." *Id.* The court noted that the Sheriff is "given wide discretion in releasing a discharged prisoner." *Id.* (citing *Bell*, 441 U.S. at 547). Such discretion is evidenced by the fact that "judges do not ordinarily direct the sheriff as to when and how to release a prisoner." *Id.* However, that is exactly what Plaintiff is asking this Court to do, contrary to established precedent and in light of a complete lack of evidence to support Plaintiff's claim that his case is suitable for class treatment. *See, e.g., Turner v. Safley*, 482 U.S. 78, 84-85 (1987)(courts are "ill equipped" to deal with prison administration and, because that task is "peculiarly within the province of the legislative and executive branches of government . . . [the] separation of powers concerns counsel a policy of judicial restraint"); *Pell v. Procunier*, 417 U.S. 817, 827 (1974)(limitations on in-custody visitation is "peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters"); *Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999)(courts should defer to the expertise of correctional officials regarding implementation of measures related to pretrial confinement); *see also Tully,* 660 F. Supp. at 297 ("the court must be careful not to substitute its own judgments for the reasonable decisions of the Sheriff on matters of prisoner security.").

The district court's decision is contrary to well-established Supreme Court and Seventh Circuit precedent and threatens to impose its own judgment as to the manner in which detainees should be discharged from CCJ without the required deference to the expertise of correctional officials. The district court impermissibly exceeded its role in certifying Plaintiff's class without any evidence to justify its intrusion into the role of administration at the largest jail in the Country. Therefore, this Court should grant Defendant's petition and reverse the district court's decision certifying Plaintiff's class.

<strong>CONCLUSION</strong>

For these reasons, the district court abused its discretion in certifying Plaintiff's class. Petitioners respectfully request that this Court grant them leave to appeal the district court's order granting class certification and seek reversal and remand of that decision.

ANITA ALVAREZ
STATE'S ATTORNEY OF COOK COUNTY

/s/ Anthony E. Zecchin
Anthony E. Zecchin
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3373

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Anthony E. Zecchin
Anthony E. Zecchin

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN OTERO, individually and on behalf of<br>a class of similarly situated individuals, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  12-cv-3148 |
| | ) | |
| THOMAS J. DART, SHERIFF OF COOK<br>COUNTY, and COOK COUNTY ILLINOIS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff Brian Otero has sued the Cook County Sheriff for allegedly violating his Fourth

and Fourteenth Amendment rights by detaining him in an unreasonable manner after a jury

acquitted him of all charges.[1]  Plaintiff has filed an Amended Class Action Complaint on behalf

of himself and all other similarly situated male inmates.  (R. 56, Amended Class Action

Complaint.)  Before the Court is Plaintiff's Renewed Motion for Class Certification.  (R. 60,

Mot.)  For the following reasons, the Court grants Plaintiff's motion with a modification of the

class definition.

**BACKGROUND**

Plaintiff Brian Otero filed his initial Complaint in April 2012, alleging that Defendants

maintain an unlawful policy or practice of "detaining, holding in custody, or imprisoning free

---

[1] Otero joined Cook County as a party pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948
(7th Cir. 2003).  Cook County is an indispensable party to this suit because state law requires the county
to pay judgments entered against the Sheriff's Office in its official capacity.  *Id.*  To the extent that Otero
alleged substantive claims against Cook County in the Complaint, the Court dismissed those claims under
Rule 12(b)(6) on October 18, 2012.  (*See* R. 24 at 12.)

citizens following a trial or other proceeding at which the citizen is found not guilty or otherwise

acquitted." (R. 1, Compl. ¶ 1.) Plaintiff alleged that "Defendants' illegal policies and/or

procedures" subjected class members to "being detained for unreasonable amounts of time and in

an unreasonable manner." (*Id.*, ¶ 2.) Plaintiff moved to certify the following class:

> All males who were criminal defendants in Cook County, were detained at the
> time of trial or other proceeding and were found not guilty or otherwise acquitted
> at a trial or other proceeding and for whom the Sheriff's Office no longer had any
> legal right to detain from April 27, 2010 through the present.

(R. 41, Mot. for Class Cert. at 7, n. 5.) On December 20, 2013, the Court denied Plaintiff's

motion with prejudice to the extent that he sought to certify the class based on the alleged

unreasonableness of the delay in releasing acquitted detainees from Cook County Jail, and

without prejudice to the extent he sought to certify a class challenging one or more specific

detention procedures applied to acquitted detainees. (R. 52.)[2]

On January 15, 2014, Plaintiff filed an Amended Class Action Complaint "on behalf of

himself and other male inmates who were victimized by Defendant's policy of unconstitutionally

detaining, holding in custody and imprisoning free citizens following an acquittal or other

favorable disposition of the charges brought against them." (R. 56, ¶ 1.) Count I of the

Amended Complaint alleges that this unlawful detention violates the Fourth and Fourteenth

Amendments. Plaintiff specifically alleges that Defendants have:

> [A] policy or practice under which it shackles, transports and detains acquitted
> individuals to change back into their prison jumpsuit and be processed back into
> the general prison population. In fact, Defendant has conceded that it has no
> policies or procedures in place that distinguish acquittees from other inmates over
> whom Defendant has the continued right to detain or that in any way
> acknowledge an inmate's right to freedom that he acquires by virtue of an
> acquittal or other favorable disposition of the charges brought against him.

(*Id.* ¶ 8.)

---

[2] The Court presumes familiarity with its December 20, 2013 Memorandum Opinion and Order denying Plaintiff's
motion for class certification.

With respect to his own circumstances, Plaintiff alleges that following his acquittal, and despite the fact that he had no other pending charges or warrants against him, Cook County Sheriff's officers seized him and placed him in handcuffs. (*Id.*, ¶ 17.) The Sheriff's Officers then detained Plaintiff with other regular inmates in a number of different holding cells and ultimately processed him back into his Division within the general prison population. (*Id.*) Plaintiff also alleges that while he was detained after his acquittal, other inmates "punched and pummeled Plaintiff about the face and body" after they learned that he was acquitted and would be leaving jail. (*Id.* ¶ 18.)

Plaintiff's Amended Complaint adds a second count for a violation of the Equal Protection Clause of the Fourteenth Amendment as, Plaintiff alleges, "similarly situated female acquitted inmates are not subjected to these policies or practices, but rather are segregated from other inmates and not returned to their original jail cells." (*Id.* ¶ 2.) Plaintiff asserts that these similarly situated females "are segregated from other inmates and are given the option to either remain in the receiving room or return to their jail cell while Defendant processes their release." (*Id.* ¶ 10.)

The parties have conducted class certification discovery and Plaintiff asserts the following facts in his motion for class certification. When a male detainee is acquitted or otherwise has the charges brought against him dismissed, he is immediately taken back into the custody of the Cook County Sheriff's Office ("Sheriff's Office") and placed in a holding cell behind the judge's chambers. The Sheriff's Office then transports him to a larger holding cell known as the "bridge," which is located in the basement of the criminal court building at 26th Street and California. The bridge consists of eight holding cells (known as "bullpens"), which hold new inmates as well as other inmates returning from court. Each bullpen holds

approximately 50 individuals at any given time. The Sheriff's Office does not segregate or otherwise treat differently the acquitted detainees from the other inmates.

Sheriff's officers then transport the acquitted detainees along with the regular inmates through a tunnel that connects the criminal court building to the Cook County Department of Corrections ("DOC"). Upon arrival at the DOC, Sheriff's officers hold the acquitted detainees with the regular inmates in another bullpen. Eventually, a transport team arrives and calls out the detainees one by one, handcuffs them, and transports them back to their respective Division. Upon arrival at the Division, the Sheriff's Office identifies each detainee and returns all of the detainees to another holding cell. At some point, the Sheriff's Office processes all of the detainees back into the Cook County Jail and their respective cells.

Although the DOC has a written policy on handling court-ordered releases, that policy identifies procedures for processing an acquitted detainee's release after he has already begun the process of transferring back into the general jail population. This DOC General Order, which addresses "inmate/detainee discharge procedures," assigns responsibility for reviewing court documents for acquitted detainees to a "Transportation Officer." There is no transportation officer assigned to the criminal courthouse at 26th Street and California. The DOC has no system or policy in place at the criminal court building to differentiate between acquitted detainees and other inmates. After the Sheriff's Office returns the detainees to their jail cells, the DOC's Records Office reviews the court documents from all of the returning inmates on that day. It is only after this process that the DOC retrieves the acquitted detainee from his cell, escorts him to an outtake area, verifies his identification, and releases him.

Defendant has acknowledged that it treated Mr. Otero in the same exact manner as every other acquitted detainee. Defendant also has acknowledged that female inmates who are

acquitted or otherwise ordered to be released do not undergo the same procedure. Rather than automatically returning female acquitted detainees to the Cook County Jail, the Sheriff's Office gives them the option of remaining in the receiving department or returning to their cells to collect and pack their own belongings.

## LEGAL STANDARD

To obtain class certification under Rule 23, a plaintiff must satisfy each requirement of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – and one subsection of Rule 23(b). *See Harper v. Sheriff of Cook County,* 581 F.3d 511, 513 (7th Cir. 2009); *Oshana v. Coca–Cola Co.,* 472 F.3d 506, 513 (7th Cir. 2006). Once a party satisfies the requirements of Rule 23(a), he must meet one of the requirements of Rule 23(b). In this case, Plaintiff argues that class certification is appropriate under Rule 23(b)(3) or, in the alternative, Rule 23(b)(2) or 23(c)(4). (Mot. at 14.) A court may certify a Rule 23(b)(3) class where "questions of law and fact common to members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently resolving the dispute in question." Fed. R. Civ. P. 23(b)(3). Under Rule 23(b)(2), a court may certify a class where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(c)(4) provides that "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues."

In order to grant class certification under Rule 23, the Court must be "satisfied, after a rigorous analysis" that the Rule's requirements are met. *Wal-Mart Stores, Inc. v. Dukes,* -- U.S. --, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) (citation omitted). "'Failure to meet any of

the Rule's requirements precludes class certification.'" *Harper,* 581 F.3d at 513 (quoting

*Arreola v. Godinez,* 546 F.3d 788, 794 (7th Cir. 2008)).  Satisfaction of these requirements, on

the other hand, categorically entitles a plaintiff to pursue his claim as a class action.  *See Shady*

*Grove Orthopedic Assocs., P.A. v. Allstate Ins.,* 559 U.S. 393, 398-99, 130 S. Ct. 1431, 176 L.

Ed. 2d 311 (2009).   The plaintiff bears the burden of proving each disputed requirement by a

preponderance of the evidence.  *Messner v. Northshore Univ. HealthSystem,* 669 F.3d 802, 811

(7th Cir. 2012).  District courts have broad discretion in determining whether the plaintiff has

satisfied this burden.  *See Reiter v. Sonotone Corp.,* 442 U.S. 330, 345, 99 S. Ct. 2326, 60 L. Ed.

2d 931 (1979); *Messner,* 669 F.3d at 811.

## ANALYSIS

**I.    Rule 23(a)**

Plaintiff moves to certify the following class:

> All male inmates who while being detained by the Cook County Sheriff's Office
> were found not guilty, were acquitted, had charges brought against them
> dismissed or otherwise received a judicial determination requiring their release
> and for whom the Sheriff's Office no longer had any legal right to detain from
> April 27, 2010 through the present.

Plaintiff argues that the proposed class satisfies the requirements of Rule 23(a) and Rule

23(b)(3).  When determining whether to certify a class, the Court must make an independent

determination about the appropriateness of certifying the class.  *Davis v. Hutchins*, 321 F.3d 641,

649 (7th Cir. 2003).

**A.    Numerosity**

Rule 23(a)(1) requires that a class be so numerous that joinder of all its members is

impracticable.  Courts may not rely solely on the plaintiff's allegations as to the size of a class or

the impracticability of joinder, and instead may rely on evidence to prove class size.  *Szabo*, 249

F.3d at 676.  In this case, Defendant has testified that on any given day the DOC could release

between 50 and 300 individuals, and that DOC's records would be able to identify who was released pursuant to an acquittal or other court order. Further, Defendant does not address or challenge Plaintiff's claim that he satisfies the numerosity requirement. The Court, therefore, finds that Plaintiff has satisfied the numerosity requirement.

### B.     Commonality

Rule 23(a)(2) requires the existence of questions of law or fact common to the class. "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, -- U.S. --, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) (quotation and citation omitted). This requirement, however, does not mean that the proposed class members have merely "all suffered a violation of the same provision of law." *Id.* Rather, the claims of a class must depend upon a common contention, and that contention must be capable of classwide resolution. *Id.* "What matters to class certification is the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Suchanek v. Sturm Foods, Inc.*, -- F.3d -- (7th Cir. Aug. 22, 2014) (quoting *Wal-Mart*, 131 S. Ct. at 2551). "The critical point is the need for *conduct* common to members of the class." *Id.* (citing *IKO Roofing Shingle Prods. Liab. Litig.*, No. 14-1532, 2014 WL 2958615 (7th Cir. July 2, 2014); *Keele v. Wexler* ,149 F.3d 589, 594 (7th Cir.1998). Where the defendant's allegedly injurious conduct differs from class member to class member, courts are not likely to find common answers. *Id.* Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, however, there is a common question. *Id.* (citing cases).

In *Harper v. Cook County*, 581 F.3d 511 (7th Cir. 2009), the Seventh Circuit reversed a district court's class certification of detainees because it reasoned that the constitutionality of the

detentions at issue depended on whether the length of the delay before the detainee's release was reasonable in any given case. This determination depended on "how long each detainee was held after bond was posted and what justifications there might be for the delay on that particular day or for that particular detainee." *Id.* at 515. The Seventh Circuit identified various justifications that may exist for any given delay and determined that "liability, to say nothing of damages, would need to be determined on an individual basis." *Id.*

In *Portis v. City of Chicago*, 613 F.3d 702 (7th Cir. 2010), the Seventh Circuit reversed a district court's decision to certify a Rule 23(b)(3) class in a case challenging the Chicago Police Department's allegedly unconstitutional detention of individuals arrested for non-jailable offenses. The plaintiffs argued that taking more than two hours to process and release those individuals made their detention unreasonable in violation of the Fourth Amendment. *Id.* at 703. The Seventh Circuit held that the district court erred in prescribing a two-hour limit to this process, and that plaintiffs would need to show "that any particular detention was excessive." *Id.* In making that determination, the Court would need to examine both the length of a given detention and the reasons why the release was deferred. *Id.*

Here, the Court previously dismissed Plaintiff's initial attempt to certify the class because Plaintiff was unable to distinguish his class from the failed classes in *Harper* and *Portis*. Specifically, the Court found that "[t]he thrust of Plaintiff's claim is that the Sheriff's Office held acquitted detainees for an unreasonable amount of time after their acquittals," and that "most of Plaintiff's allegations focus on the allegedly unreasonable delay in his release, rather than the constitutionality of any specific detention procedures." (R. 52 at 11.) The Court also noted, however, that the Seventh Circuit implicitly left open the possibility for class treatment where

8

the plaintiff challenges the constitutionality of a particular detention procedure as long as the

length of detention is not a central issue in the case.  *See Harper*, 581 F.3d at 514.

 While Plaintiff's amended proposed class is largely the same as his initial proposed class,

he has changed the focus of his claim.  In his renewed motion for class certification, Plaintiff

presents the following common questions of fact and law that he asserts apply to the unlawful

detention claims of both Plaintiff and the proposed class:

 1.  Whether Defendant lacked policies and procedures that acknowledge a male inmate's right to freedom that he acquires by virtue of an acquittal or other favorable disposition of the charges brought against him;

 2.  Whether Defendant maintains a policy or practice of detaining male citizens who were found not guilty or otherwise received a judicial determination requiring their release by seizing and handcuffing them, detaining and transporting them in the same holding cells as the other regular inmates, processing them back into the general prison population and continuing to hold them until running a check for outstanding warrants; and

 3.  Whether such policies or practices (or lack thereof) are unconstitutional.

(Mot. at 7-8.)  Based on these questions, Plaintiff's claim challenges Defendant's alleged

restriction of acquitted detainees' right to freedom by treating them in the same manner as

regular inmates returning to their cells in the general population of the Cook County Jail.  Rather

than focus on the length of time of Plaintiff's post-acquittal detention, he now focuses on

Defendant's practice of grouping acquitted detainees together with regular inmates, and

transporting them to their cells in the jail's general population.  Plaintiff's equal protection claim

further clarifies his new argument.  Plaintiff's equal protection claim is based on his allegation

that Defendant segregates similarly situated female acquitted inmates from other inmates and

does not return them to their jail cells.  Rather, Defendant gives them the option to either remain

in a separate receiving room or return to their jail cell while Defendant processes their release.

(Am. Compl. at ¶¶ 2, 10.)

Defendant repeatedly acknowledges that it did not treat Plaintiff any differently than any other person who was scheduled to be discharged. (*See, e.g.,* R. 60-2, Holmes Dep. Tr. at 10:1-12 (agreeing that "Mr. Otero was treated exactly like any other person who at that time was scheduled to be discharged"); pp. 95:22-96:4 (acknowledging that "all the not guilties are treated also alike because they're in the same group with everybody else who's treated the same without differentiation"); pp. 111:14-17 ("Q: Now, this process I described is without exception applicable to everybody at the end of each day at trial. A: Yes.").) Defendant's alleged practice, therefore, was common as to each member of the class. Thus, the question of the constitutionality of this practice is also common to each class member.

Defendant argues that Plaintiff cannot establish commonality because his claim fails to generate common *answers*, rather than common questions. (R. 80, Def. Resp. at 17.) Defendant asserts that no common answer can exist because the length of time that each class member remained in custody will invariably differ. (*Id.*) In support, Defendant identifies a number of variables – such as computer malfunctions, transportation issues, and the number of detainees on a given day – that can complicate the timing of a detainee's discharge. As stated above, however, Plaintiff's Amended Complaint and motion for class certification do not focus on the length of time that he remained in custody after acquittal.

Defendant also argues that the number of detainees at Cook County Jail suffering from mental illness – approximately 20-30% of the population – defeats Plaintiff's commonality argument. Defendant argues that these detainees require individualized discharges. (*Id.* at 18.) Plaintiff's Amended Complaint and renewed motion for class certification identify a potential common "answer" that would satisfy his proposed class: that Defendant segregate acquitted male detainees from regular inmates following their acquittal. Defendant fails to explain how,

especially at this stage of the litigation, this solution would prevent the individualized attention that some acquitted detainees may require.

In his renewed motion for class certification, Plaintiff has identified at least two factual and legal issues common to the class: whether Defendant maintains a policy or practice of treating acquitted detainees exactly as it does regular inmates until the acquitted detainee is processed back into the general jail population, and whether that policy violates the Fourth and Fourteenth Amendments.  Further, Plaintiff presents a potential "answer" or solution that has the potential for class-wide resolution.  The Court, therefore, finds that Plaintiff has met his burden with respect to commonality.

### C.    Typicality

"The commonality and typicality requirements of Rule 23(a) tend to merge."  *Spano v. The Boeing Co.*, 633 F.3d 574, 586 (7th Cir. 2011) (quoting *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).  In analyzing the typicality requirement, the Seventh Circuit instructs that "there must be enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group."  *Id*.  Generally, "a claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and is based on the same legal theory*."  Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006) (quotations omitted).  "Although 'the typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiff[] and those of other class members,'" the named plaintiff's claims must share "the same essential characteristics as the claims of the class at large."  *Muro v. Target Corp.*, 580

F.3d 485, 492 (7th Cir. 2009) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225,

232 (7th Cir. 1983)).

Defendant asserts that Plaintiff cannot meet the typicality requirement because his class

definition is far too broad.  (Resp. at 22.)  Defendant explains that Plaintiff's proposed class

would include "many different categories of detainees that are clearly and certainly distinct from

Plaintiff."  (*Id.*)  As an example, Defendant identifies detainees who have had charges dismissed

via a nolle prosequi (nolle pros) or have had charges stricken with leave to reinstate (SOL).

Defendant explains that these detainees are in a different position than Plaintiff, or any other

detainee who has been acquitted, because they are not final adjudications and they do not

preclude a subsequent indictment or reinstatement of charges.  Defendant also contends that the

proposed definition is too broad because it includes all detainees for whom there has been "a

judicial determination requiring their release."  As Defendant asserts, this class could include, to

name a few examples, (1) detainees whom a judge has ordered to be placed on electronic

monitoring; (2) detainees who are to be released to another agency based on a warrant or other

hold; (3) detainees who have been found unfit to stand trial and must be remanded to the Illinois

Department of Human Services; (4) detainees who have posted bond; and (5) detainees who have

been held on a probation violation and have been recommitted to probation.  (*Id.* at 8-9, 23-24.)

Plaintiff's proposed class clearly focuses on detainees who have been acquitted or found

not guilty.  Plaintiff himself obtained a "not guilty" verdict from a jury following his trial.

Plaintiff's briefs are replete with references to "acquitted detainees" rather than the broader and

amorphous category of those who have received "a judicial determination requiring their

release."  (*See, e.g.,* Mot. at 1 ("the challenged aspects of Defendant's policy were applied in the

same manner to all acquitted male detainees"); 2 ("when a detainee is acquitted in court …"); 3

("citizens who were acquitted that day are not segregated from the other inmates…"); 4 ("the Sheriff's Office has no policies in place that distinguish acquittees from other inmates or that acknowledge their acquittal and right to freedom").)  Further, the first "common questions" upon which, Plaintiff asserts, the unlawful detention claims hinge, address a male inmate's "right to freedom that he acquires by virtue of an acquittal or other favorable disposition of the charges brought against him."  (Mot. at 6.)

The Court agrees with Defendant, in part, that Plaintiff's proposed class is too broad to satisfy the typicality requirement.  The types of detainees who might fall under the category of those for whom there has been "a judicial determination requiring release" includes detainees whose charges have not been dismissed.  These detainees with pending criminal charges are not entitled to the same "right to freedom" as an acquitted detainee.  The Court, however, disagrees with Defendant regarding detainees who have had charges dismissed by nolle prosequi or have had charges stricken with leave to reinstate.  While the principle of double jeopardy does not apply to these types of detainees, the charges brought against them have been dismissed and they are entitled to the same freedom at the time of the dismissal as a detainee who has been acquitted.  *See People v. Norris,* 214 Ill.2d 92, 104, 291 Ill. Dec. 629, 824 N.E.2d 205 (2005) ("[W]hen a nolle prosequi is entered before jeopardy attaches, the State is entitled to refile the charges against the defendant"); *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 100, 289 Ill. Dec. 679, 820 N.E. 2d 455 (2004) ("Where a case is stricken with leave to reinstate, the matter remains undisposed of.  The same charges continue to lie against the accused, albeit in a dormant state").

The Court, therefore, finds that a modified class that includes only "those detainees who were found not guilty, acquitted, or had the charges brought against them dismissed" satisfies the

typicality requirement.  Under this definition, there would be enough congruence between Plaintiff's claim and the class members' claims to allow Plaintiff to litigate on behalf of the group.  *See Spano,* 633 F.3d at 586.  The class definition may not, however, include the language "or otherwise received a judicial determination requiring their release."

### D.    Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "Adequacy of representation is composed of two parts: the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest of the class members."  *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993) (quoting *Sec'y of Labor v. Fitzsimmons,* 805 F.2d 682, 697 (7th Cir. 1986)(en banc).  "A class is not fairly and adequately represented if class members have antagonistic or conflicting claims."  *Id.* (citations omitted).

Defendant does not challenge the adequacy of Plaintiff's counsel, but it does assert that Plaintiff would not be an adequate class representative because his criminal background, which includes multiple felony convictions, presents "serious credibility problems."  (Resp. at 25.) Defendant further notes that one of Plaintiff's convictions is for possession of a stolen motor vehicle, which involves dishonesty.  Plaintiff argues that both of his prior convictions occurred more than ten years ago when Plaintiff was a teenager.  Further, neither conviction relates to the claims brought in Plaintiff's suit.  (R. 87, Reply at 8.)

Defendant's argument ignores that the proposed class members are all one-time inmates detained at Cook County Jail.  The nature of the suit and of the proposed class means that all class members will at least have been arrested and detained, and some will likely have criminal

records and prior convictions.  Defendant has not explained how Plaintiff's criminal history differentiates him from the proposed class members.  Further, if convicted felons could not serve as adequate class representatives, "there would be no such thing as a class action in the prison or jail context."  *Parish v. Sheriff of Cook County*, 07 C 4369, 2008 WL 4812875 at *5 (N.D. Ill. 2008).

Defendant also challenges Plaintiff's adequacy as a class representative on the basis that there are too many divergent categories of class members, but the Court has already addressed this argument in the typicality analysis.  Ultimately, the Court finds that there is no basis to hold that Plaintiff and his counsel will not fairly and adequately protect the interests of the protected class.

## II.    Rule 23(b)(3)

### A.    Predominance and Superiority

A court may certify a Rule 23(b)(3) class where "questions of law and fact common to members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently resolving the dispute in question."  Fed. R. Civ. P. 23(b)(3).  Predominance is similar to commonality but requires a "far more demanding" inquiry.  *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 624, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997); *Messner*, 669 F.3d at 814.  In broad terms, predominance requires that the "legal or factual questions that qualify each class member's case as a genuine controversy" are "sufficiently cohesive to warrant adjudication by representation." *Messner*, 669 F.3d at 814 (quoting *Amchem*, 521 U.S. at 623).  It requires more than simply "counting noses" – *i.e.*, "determining whether there are more common issues or more individual issues, regardless of relative importance."  *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir.

2014).  Instead, predominance requires a qualitative decision regarding whether "common questions represent a significant aspect of [a] case and … can be resolved for all members of [a] class in a single adjudication."  *Messner,* 669 F.3d at 815.

Defendant makes a number of arguments explaining why Plaintiff fails to meet the predominance requirement.  None are persuasive.  Defendant argues that the large and diverse number of categories to which individual detainees could belong defeat the predominance of any one issue.  The Court has already modified the class definition to address this concern.  Plaintiff challenges what he alleges is a policy and practice that applies to all Cook County Jail detainees, who are found not guilty, acquitted, or otherwise have the charges against them dismissed.  The predominant issue in this litigation will be the existence and constitutionality of that alleged practice.

Defendant argues that it will be impossible for the Court to separate the time it takes to discharge a detainee from Plaintiff's claims, and that the Court will have to analyze individually each detainee's discharge.  Defendant, however, seems to concede that it applies this practice to all detainees equally.  Given the modified class definition, there will be no need to distinguish each detainee's discharge.  Defendant suggests that the proposed class members' damages claims will vary on an individual basis and that this variance overwhelms any common issue.  But Plaintiff is not required to establish common proof of damages for class members.  *Butler v. Sears, Roebuck and Co.*, 727 F.3d 796, 801 (7th Cir. 2013), *cert. denied,* 134 S. Ct. 1277 (2014).  Indeed, "[i]t is very common for Rule 23(b)(3) class actions to involve differing damage awards for different class members."  *De La Fuente*, 713 F.2d at 233.  Defendant also argues, in seeming contrast to its "time" argument, that Plaintiff's detention claim remains the same, and that he has simply removed the time allegation.  Plaintiff's removal of the time allegation from the detention

claim shifts the focus of the claim away from the length of the post-acquittal detention, to Defendant's practice of treating acquitted detainees no differently than regular inmates until they return to their cells. Plaintiff's allegations now focus on a specific detention procedure, rather than the length of detention. Defendant's argument also ignores Plaintiff's new equal protection claim, which provides context to Plaintiff's detention claim because it identifies the alternative release procedure that Plaintiff believes should apply to male detainees.

A class action is the superior procedure for litigating these claims because the Court can determine the legality of the alleged practice and procedure in one proceeding. The proposed class might include hundreds, if not thousands of members, many of whom are unlikely to pursue their claims on their own. Even if damages vary among class members, the Court may hold separate liability and damages trials or appoint a magistrate judge to preside over individual damages proceedings. *Butler,* 727 F.3d at 798; *see also Arreola*, 546 F.3d at 801.

## CONCLUSION

For these reasons, the Court grants Plaintiff's motion for class certification. The Court

certifies the following class under Rule 23(b)(3):

> All male inmates who while being detained by the Cook County Sheriff's Office
> were found not guilty, were acquitted, or had charges brought against them
> dismissed, and for whom the Sheriff's Office no longer had any legal right to
> detain from April 27, 2010 through the present.

The Court designates Plaintiff Brian Otero as the class representative and appoints Myron

M. Cherry and Jacie C. Zolna of Myron M. Cherry & Associates, LLC and Robert M. Foote of

Foote, Mielke, Chavez & O'Neil, LLC as class counsel.


**DATED:  September 2, 2014**                                    **ENTERED**

                                                                AMY J. ST. EVE
                                                                U.S. District Court Judge

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6,1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:12-cv-03148

Otero v. Thomas J. Dart et al

Assigned to: Honorable Amy J. St. Eve

Demand: $9,999,000

Cause: 42:1983 Civil Rights Act

Date Filed: 04/27/2012

Jury Demand: Both

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

**Brian Otero**

*individually and on behalf of a class of similarly situated individuals*

represented by **Jacie C Zolna**

Myron M. Cherry & Associates

30 North LaSalle Street

Suite 2300

Chicago, IL 60602

(312) 372-2100

Email: jzolna@cherry-law.com

*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Myron Milton Cherry**

Myron M. Cherry & Associates

30 North LaSalle Street

Suite 2300

Chicago, IL 60602

(312) 372-2100

Email: mcherry@cherry-law.com

*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Robert M. Foote**

Foote, Mielke, Chavez & O'Neil LLC

10 West State Street

#200

Geneva, IL 60134

(630) 232-7450

Email: rmf@fmcolaw.com

*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Alexandra Leigh Nickow**

Myron M. Cherry & Associates

301 N. Lasalle St.
2300
Chicago, IL 60602
(312) 372-2100
Email: anickow@cherry-law.com
*ATTORNEY TO BE NOTICED*

**Christopher J Werner**
Werner Business Law
53 West Jackson Boulevard
Suite 1627
Chicago, IL 60604
3123394984
Fax: 2194647928
Email: cwerner@wernerbusinesslaw.com
*ATTORNEY TO BE NOTICED*

**Kathleen Currie Chavez**
Foote, Mielke, Chavez & O'Neil LLC
10 West State Street
Suite 200
Geneva, IL 60134
(630) 232-4480
Fax: (630) 232-7452
Email: kcc@fmcolaw.com
*ATTORNEY TO BE NOTICED*

**Matthew J. Herman**
Foote, Mielke, Chavez & O'Neil LLC
10 West State Street
Suite 200
Geneva, IL 60134
(630) 232-7450
Email: mjh@fmcolaw.com
*ATTORNEY TO BE NOTICED*

**Peter Lawrence Currie**
Foote, Mielke, Chavez & O'Neil, LLC
10 West State Street
Suite 200
Geneva, IL 60134
(630) 232-7450
Fax: (630) 232-7452
Email: plc@fmcolaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Thomas J. Dart**
*Sheriff of Cook County*

represented by **James Charles Pullos**
Cook County State's Attorneys Office (50 W)
50 West Washington Avenue
Chicago, IL 60602
(312) 603-5105
Email: james.pullos@cookcountyil.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony E. Zecchin**
Cook County State's Attorney's Office
500 Daley Center
50 West Washington
Chicago, IL 60602
312 603 3373
Email: anthony.zecchin@cookcountyil.gov
*ATTORNEY TO BE NOTICED*

**Michael L. Gallagher**
Cook County States Attorney's Office
Daley Ctr.
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3124
Email: michael.gallagher@cookcountyil.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cook County Illinois**

represented by **James Charles Pullos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony E. Zecchin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael L. Gallagher**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/27/2012 | 1 | COMPLAINT filed by Brian Otero; Jury Demand. Filing fee $ 350, receipt number 0752-7096348.(Foote, Robert) (Entered: 04/27/2012) |
| 04/27/2012 | 2 | CIVIL Cover Sheet (Foote, Robert) (Entered: 04/27/2012) |
| 04/27/2012 | 3 | ATTORNEY Appearance for Plaintiff Brian Otero by Robert M. Foote (Foote, Robert) (Entered: 04/27/2012) |
| 04/30/2012 | | CASE ASSIGNED to the Honorable Amy J. St. Eve. Designated as Magistrate Judge the Honorable Michael T. Mason. (mh, ) (Entered: 04/30/2012) |
| 04/30/2012 | 4 | ATTORNEY Appearance for Plaintiff Brian Otero by Kathleen Currie Chavez (Chavez, Kathleen) (Entered: 04/30/2012) |
| 04/30/2012 | 5 | ATTORNEY Appearance for Plaintiff Brian Otero by Peter Lawrence Currie (Currie, Peter) (Entered: 04/30/2012) |
| 04/30/2012 | 6 | ATTORNEY Appearance for Plaintiff Brian Otero by Matthew J. Herman (Herman, Matthew) (Entered: 04/30/2012) |
| 05/01/2012 | 7 | ATTORNEY Appearance for Plaintiff Brian Otero by Myron Milton Cherry (Cherry, Myron) (Entered: 05/01/2012) |
| 05/01/2012 | 8 | ATTORNEY Appearance for Plaintiff Brian Otero by Jacie C Zolna (Zolna, Jacie) (Entered: 05/01/2012) |
| 05/01/2012 | 9 | MINUTE entry before Honorable Amy J. St. Eve: Initial status hearing set for 6/11/12 at 8:30 a.m. in courtroom 1241. Parties should refer to Judge St. Eve's web page at www.ilnd.uscourts.gov and file a joint status report by 6/6/12 as set forth in the Initial Status Conferences procedure.Mailed notice (kef, ) (Entered: 05/01/2012) |
| 05/02/2012 | | SUMMONS Issued as to Defendants Cook County Illinois & Thomas J. Dart. (tlm) (Entered: 05/02/2012) |
| 05/11/2012 | 10 | ATTORNEY Appearance for Defendants Cook County Illinois, Thomas J. Dart by Anthony E. Zecchin (Zecchin, Anthony) (Entered: 05/11/2012) |
| 05/11/2012 | 11 | MOTION by Defendants Cook County Illinois, Thomas J. Dart for extension of time to file answer regarding complaint 1 (Zecchin, Anthony) (Entered: 05/11/2012) |
| 05/11/2012 | 12 | NOTICE of Motion by Anthony E. Zecchin for presentment of motion for extension of time to file answer, motion for relief 11 before Honorable Amy J. St. Eve on 5/16/2012 at 08:30 AM. (Zecchin, Anthony) (Entered: 05/11/2012) |
| 05/11/2012 | 13 | ATTORNEY Appearance for Defendants Cook County Illinois, Thomas J. Dart by James Charles Pullos (Pullos, James) (Entered: 05/11/2012) |
| 05/14/2012 | 14 | MINUTE entry before Honorable Amy J. St. Eve: Defendants' motion for extension of time 11 is granted. Defendants should answer or otherwise plead by 7/9/12. Joint status |

| | | report should be filed by 7/9/12. Status hearing set for 5/16/11 is stricken and reset to 7/12/12 at 8:30 a.m. No appearance is required on the 5/16/12 notice date. Mailed notice (kef, ) (Entered: 05/14/2012) |
|---|---|---|
| 05/14/2012 | 15 | ATTORNEY Appearance for Plaintiff Brian Otero by Christopher J Werner (Werner, Christopher) (Entered: 05/14/2012) |
| 07/09/2012 | 16 | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM*and/or Strike Plaintiff's Complaint* (Attachments: # 1 Exhibit A, Complaint)(Pullos, James) (Entered: 07/09/2012) |
| 07/09/2012 | 17 | NOTICE of Motion by James Charles Pullos for presentment of Motion to Dismiss for Failure to State a Claim 16 before Honorable Amy J. St. Eve on 7/12/2012 at 08:30 AM. (Pullos, James) (Entered: 07/09/2012) |
| 07/09/2012 | 18 | STATUS Report - *Joint Initial Status Report* by Cook County Illinois, Thomas J. Dart (Attachments: # 1 Notice of Filing)(Pullos, James) (Entered: 07/09/2012) |
| 07/09/2012 | | MOTION by Defendants Cook County Illinois, Thomas J. Dart to strike. (Omitted relief from document 16 .) (kj, ) (Entered: 07/10/2012) |
| 07/12/2012 | 19 | MINUTE entry before Honorable Amy J. St. Eve:Status hearing held on 7/12/2012 and continued to 10/25/2012 at 08:30 AM. Rule 26(a)(1) disclosures by 9/10/12. Defendants' motion to dismiss and/or strike plaintiff's complaint 16 is entered. Response shall be filed by 8/2/12. Reply by 8/16/12. Mailed notice (kef, ) (Entered: 07/12/2012) |
| 08/02/2012 | 20 | RESPONSE by Brian Oteroin Opposition to First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM*and/or Strike Plaintiff's Complaint* 16 (Attachments: # 1 Exhibit Exhibit 1 to Plaintiff's Response to Defendants' Motion to Dismiss and/or Strike Plaintiff's Complaint, # 2 Certificate of Service Certificate of Service for Plaintiff's Response to Defendants' Motion to Dismiss and/or Strike Plaintiff's Complaint)(Werner, Christopher) (Entered: 08/02/2012) |
| 08/16/2012 | 21 | REPLY by Defendants Cook County Illinois, Thomas J. Dart to Motion to Dismiss for Failure to State a Claim 16 , response in opposition to motion, 20 (Attachments: # 1 Notice of Filing)(Pullos, James) (Entered: 08/16/2012) |
| 09/18/2012 | 22 | NOTICE by Peter Lawrence Currie of Change of Address (Currie, Peter) (Entered: 09/18/2012) |
| 10/18/2012 | 23 | MINUTE entry before Honorable Amy J. St. Eve: The Court grants in part and denies in part Cook County Illinois and Thomas J. Dart's motion to dismiss or strike 16 . Specifically, the Court denies the motion to dismiss Count I, but grants the motion to the extent that the Complaint asserts substantive claims against Cook County. The Court also grants the motion to strike Plaintiff's requests for equitable relief. [For further details see separate Memorandum Opinion and Order.]Mailed notice (kef, ) (Entered: 10/18/2012) |
| 10/18/2012 | 24 | MEMORANDUM Opinion and Order Signed by the Honorable Amy J. St. Eve on 10/18/2012:Mailed notice(kef, ) (Entered: 10/18/2012) |

| 10/25/2012 | 25 | MINUTE entry before Honorable Amy J. St. Eve:Status hearing held on 10/25/2012 and continued to 12/20/2012 at 08:30 AM. Defendants shall answer by 11/15/12. Written discovery shall be issued by 11/15/12. Parties shall submit a proposed discovery and class certification schedule by 11/1/12. Mailed notice (kef, ) (Entered: 10/25/2012) |
|---|---|---|
| 11/01/2012 | 26 | Proposed Joint Initial Discovery Schedule by Brian Otero *and Defendants* (Werner, Christopher) (Entered: 11/01/2012) |
| 11/15/2012 | 27 | ANSWER to Complaint with Jury Demand by Cook County Illinois, Thomas J. Dart(Zecchin, Anthony) (Entered: 11/15/2012) |
| 11/15/2012 | 28 | NOTICE by Cook County Illinois, Thomas J. Dart re answer to complaint 27 (Zecchin, Anthony) (Entered: 11/15/2012) |
| 12/20/2012 | 29 | MINUTE entry before Honorable Amy J. St. Eve:Status hearing held on 12/20/2012 and continued to 2/21/2013 at 08:30 AM. Parties shall answer written discovery by 1/14/13. Plaintiff's deposition and Rule 30(b)(6) depositions shall be completed by 3/15/13. Plaintiff's motion for class certification shall be filed by 5/15/13. Response by 6/17/13. Reply by 7/1/13. Mailed notice (kef, ) (Entered: 12/20/2012) |
| 01/24/2013 | 30 | NOTICE by Robert M. Foote of Change of Address *and Change of Firm Name* (Foote, Robert) (Entered: 01/24/2013) |
| 01/24/2013 | 31 | NOTICE by Matthew J. Herman of Change of Address *and Change of Firm Name* (Herman, Matthew) (Entered: 01/24/2013) |
| 01/30/2013 | 32 | NOTICE by Peter Lawrence Currie of Change of Address (Currie, Peter) (Entered: 01/30/2013) |
| 02/04/2013 | 33 | NOTICE by Kathleen Currie Chavez of Change of Address *And of Firm Name Change* (Chavez, Kathleen) (Entered: 02/04/2013) |
| 02/07/2013 | 34 | NOTICE by Brian Otero *of Withdrawl of Appearance of Christopher J Werner as counsel for Plaintiff* (Werner, Christopher) (Entered: 02/07/2013) |
| 02/21/2013 | 35 | MINUTE entry before Honorable Amy J. St. Eve:Status hearing held on 2/21/2013 and continued to 4/18/2013 at 08:30 AM.Mailed notice (kef, ) (Entered: 02/21/2013) |
| 04/18/2013 | 36 | MINUTE entry before Honorable Amy J. St. Eve:Status hearing held on 4/18/2013 and continued to 6/27/2013 at 08:30 AM. Motion for class certification shall be filed by 6/26/13. Response by 7/26/13. Reply by 8/9/13. Mailed notice (kef, ) (Entered: 04/18/2013) |
| 06/11/2013 | 37 | MOTION by Defendants Cook County Illinois, Thomas J. Dart for extension of time (Zecchin, Anthony) (Entered: 06/11/2013) |
| 06/11/2013 | 38 | NOTICE of Motion by Anthony E. Zecchin for presentment of extension of time 37 before Honorable Amy J. St. Eve on 6/18/2013 at 08:30 AM. (Zecchin, Anthony) (Entered: 06/11/2013) |
| 06/18/2013 | 39 | MINUTE entry before Honorable Amy J. St. Eve: Motion hearing held on 6/18/2013. Defendants' unopposed motion for extension of time for discovery 37 is granted. The |

| | | |
|---|---|---|
| | | Rule 30(b)(6) deposition shall take place by 6/27/13. Plaintiff's motion for class certification shall be filed by 7/19/13. Response by 8/16/13. Reply by 8/30/13. Status hearing set for 6/27/13 is stricken and reset to 7/23/13 at 8:30 a.m. Mailed notice (kef, ) (Entered: 06/18/2013) |
| 06/27/2013 | 40 | NOTICE by Peter Lawrence Currie of Change of Address (Currie, Peter) (Entered: 06/27/2013) |
| 07/19/2013 | 41 | MOTION by Plaintiff Brian Otero to certify class *and Memorandum of Law in Support Thereof* Responses due by 8/16/2013 (Attachments: # 1 Exhibit A-E, # 2 Exhibit F, # 3 Exhibit G, # 4 Appendix of Authorities Cited in Plaintiffs Motion for Class Certification That are Only Published on an Electronic Database, # 5 Exhibit 1-8 to Appendix)(Zolna, Jacie) (Entered: 07/19/2013) |
| 07/23/2013 | 42 | MINUTE entry before Honorable Amy J. St. Eve:Status hearing held on 7/23/2013 and continued to 11/4/2013 at 08:30 AM. Plaintiff failed to appear. Failure to appear at future hearings may result in dismissal for failure to prosecute. Mailed notice (kef, ) (Entered: 07/23/2013) |
| 07/23/2013 | 43 | MINUTE entry before Honorable Amy J. St. Eve: Defendants' oral motion for an extension of time is granted. Defendants' response to the motion for class certification 41 shall be filed by 8/23/13. Reply by 9/6/13. Mailed notice (kef, ) (Entered: 07/24/2013) |
| 08/23/2013 | 44 | RESPONSE by Cook County Illinois, Thomas J. Dartin Opposition to MOTION by Plaintiff Brian Otero to certify class *and Memorandum of Law in Support Thereof* 41 (Attachments: # 1 Exhibit Plaintiff's deposition, # 2 Exhibit Holmes deposition, # 3 Exhibit Interrogatory excerpt, # 4 Appendix Unpublished cases)(Zecchin, Anthony) (Entered: 08/23/2013) |
| 08/23/2013 | 45 | NOTICE by Cook County Illinois, Thomas J. Dart re response in opposition to motion, 44 (Zecchin, Anthony) (Entered: 08/23/2013) |
| 09/06/2013 | 46 | REPLY by Plaintiff Brian Otero to response in opposition to motion, 44 , motion to certify class, 41 (Attachments: # 1 Appendix of Authorities Cited in Plaintiffs Motion for Class Certification That are Only Published on an Electronic Database, # 2 Exhibit 1-6 to Appendix)(Zolna, Jacie) (Entered: 09/06/2013) |
| 10/28/2013 | 47 | MOTION by Plaintiff Brian Otero to compel *Responses to Second Set of Discovery Requests* (Attachments: # 1 Exhibit A-D)(Zolna, Jacie) (Entered: 10/28/2013) |
| 10/28/2013 | 48 | NOTICE of Motion by Jacie C Zolna for presentment of motion to compel 47 before Honorable Amy J. St. Eve on 11/4/2013 at 08:30 AM. (Zolna, Jacie) (Entered: 10/28/2013) |
| 11/04/2013 | 49 | MINUTE entry before Honorable Amy J. St. Eve: Status hearing held on 11/4/2013 and continued to 12/16/2013 at 08:30 AM. Plaintiff's motion to compel 47 is denied as moot in light of defendants' agreement to produce the documents. Defendant shall answer the second set of document requests by 11/8/13. Defendants shall answer the second set of interrogatories by 11/18/13. Mailed notice (kef, ) (Entered: 11/04/2013) |

| | | |
|---|---|---|
| 12/16/2013 | 50 | MINUTE entry before the Honorable Amy J. St. Eve: Status hearing held on 12/16/2013 and continued to 1/15/2014 at 08:30 AM. Parties are directed to meet and confer regarding remaining discovery issues once the class certification ruling is issued. Mailed notice (kef, ) (Entered: 12/16/2013) |
| 12/20/2013 | 51 | MINUTE entry before the Honorable Amy J. St. Eve: The Court denies Plaintiff's motion for class certification 41 with prejudice to the extent Plaintiff seeks to certify a class based on the alleged unreasonableness of the delay in releasing acquitted detainees from Cook County Jail, and without prejudice to the extent Plaintiff seeks to certify a class challenging one or more specific detention procedures applied to acquitted detainees held at Cook County Jail. [For further details, see separate Memorandum Opinion and Order.] Mailed notice (kef, ) (Entered: 12/20/2013) |
| 12/20/2013 | 52 | MEMORANDUM Opinion and Order Signed by the Honorable Amy J. St. Eve on 12/20/2013:Mailed notice(kef, ) (Entered: 12/20/2013) |
| 01/08/2014 | 53 | MOTION by Plaintiff Brian Otero for leave to file *Amended Complaint* (Attachments: # 1 Exhibit (Proposed Amended Complaint))(Zolna, Jacie) (Entered: 01/08/2014) |
| 01/08/2014 | 54 | NOTICE of Motion by Jacie C Zolna for presentment of motion for leave to file 53 before Honorable Amy J. St. Eve on 1/15/2014 at 08:30 AM. (Zolna, Jacie) (Entered: 01/08/2014) |
| 01/15/2014 | 55 | MINUTE entry before the Honorable Amy J. St. Eve: Status hearing held on 1/15/2014 and continued to 2/6/2014 at 08:30 AM. Plaintiff's motion for leave to file amended complaint 53 is granted. Counsel shall separately file the amended complaint upon receipt of this order. Defendants shall answer or otherwise plead by 2/5/14. Plaintiff's renewed motion for class certification shall be filed by 1/31/14. Mailed notice (kef, ) (Entered: 01/15/2014) |
| 01/15/2014 | 56 | AMENDED complaint by Brian Otero against Cook County Illinois, Thomas J. Dart (Zolna, Jacie) (Entered: 01/15/2014) |
| 01/28/2014 | 57 | MOTION by Defendants Cook County Illinois, Thomas J. Dart for extension of time to file answer regarding amended complaint 56 (Zecchin, Anthony) (Entered: 01/28/2014) |
| 01/28/2014 | 58 | NOTICE of Motion by Anthony E. Zecchin for presentment of motion for extension of time to file answer, motion for relief 57 before Honorable Amy J. St. Eve on 2/3/2014 at 08:30 AM. (Zecchin, Anthony) (Entered: 01/28/2014) |
| 01/29/2014 | 59 | MINUTE entry before the Honorable Amy J. St. Eve: Defendants' motion for extension of time 57 is granted. Defendants shall answer or otherwise plead by 2/19/14. Status hearing set for 2/6/14 is stricken and reset to 2/24/14 at 8:30 a.m. No appearance is required on the 2/3/14 notice date. Mailed notice (kef, ) (Entered: 01/29/2014) |
| 01/30/2014 | 60 | MOTION by Plaintiff Brian Otero to certify class *(Renewed)* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Appendix of Authorities Cited in Plaintiff's Renewed Motion for Class Certification That are Only Published on an Electronic Database, # 8 Exhibit 1-11 to Appendix)(Zolna, Jacie) (Entered: 01/30/2014) |

| 01/31/2014 | 61 | MINUTE entry before the Honorable Amy J. St. Eve: Plaintiff's renewed motion for class certification 60 is entered. Response by 2/21/14. Reply by 3/7/14. Mailed notice (kef, ) (Entered: 01/31/2014) |
|---|---|---|
| 02/11/2014 | 62 | MOTION by Defendants Cook County Illinois, Thomas J. Dart for extension of time to file response/reply as to motion to certify class, 60 (Zecchin, Anthony) (Entered: 02/11/2014) |
| 02/11/2014 | 63 | NOTICE of Motion by Anthony E. Zecchin for presentment of motion for extension of time to file response/reply, motion for relief 62 before Honorable Amy J. St. Eve on 2/18/2014 at 08:30 AM. (Zecchin, Anthony) (Entered: 02/11/2014) |
| 02/12/2014 | 64 | MINUTE entry before the Honorable Amy J. St. Eve: Defendants' unopposed motion for extension of time 62 is granted. Defendants' response to plaintiff's motion for class certification 60 shall be filed by 3/14/14. Reply by 4/4/14. No appearance is required on the 2/18/14 notice date. Mailed notice (kef, ) (Entered: 02/12/2014) |
| 02/19/2014 | 65 | ANSWER to amended complaint by Cook County Illinois, Thomas J. Dart(Zecchin, Anthony) (Entered: 02/19/2014) |
| 02/19/2014 | 66 | NOTICE by Cook County Illinois, Thomas J. Dart re answer to amended complaint 65 (Zecchin, Anthony) (Entered: 02/19/2014) |
| 02/24/2014 | 67 | MINUTE entry before the Honorable Amy J. St. Eve:Status hearing held on 2/24/2014 and continued to 6/10/2014 at 08:30 AM. Defendants are given leave to file a response brief up to 25 pages. Parties are directed to meet and confer pursuant to Rule 26(f) and exhaust all settlement possibilities prior to the next status hearing. Parties are directed to contact the courtroom deputy, 312/435-5879, by 3/14/14 to inform the court whether or not there is interest in participating in a settlement conference. Mailed notice (kef, ) (Entered: 02/24/2014) |
| 03/07/2014 | 68 | MOTION by Defendants Cook County Illinois, Thomas J. Dart for extension of time to file response/reply as to motion to certify class, 60 (Zecchin, Anthony) (Entered: 03/07/2014) |
| 03/07/2014 | 69 | NOTICE of Motion by Anthony E. Zecchin for presentment of motion for extension of time to file response/reply, motion for relief 68 before Honorable Amy J. St. Eve on 3/12/2014 at 01:30 PM. (Zecchin, Anthony) (Entered: 03/07/2014) |
| 03/10/2014 | 70 | MINUTE entry before the Honorable Amy J. St. Eve: Defendants' motion for extension of time 68 is granted. Defendants' response to plaintiff's motion for class certification 60 shall be filed by 3/28/14. Reply by 4/25/14. Status hearing set for 6/10/14 is stricken and reset to 6/30/14 at 8:30 a.m. No appearance is required on the 3/12/14 notice date. Mailed notice (kef, ) (Entered: 03/10/2014) |
| 03/20/2014 | 71 | MOTION by Defendants Cook County Illinois, Thomas J. Dart to stay (Zecchin, Anthony) (Entered: 03/20/2014) |
| 03/20/2014 | 72 | NOTICE of Motion by Anthony E. Zecchin for presentment of motion to stay 71 before Honorable Amy J. St. Eve on 3/25/2014 at 08:30 AM. (Zecchin, Anthony) (Entered: |

| 03/21/2014 | 73 | RESPONSE by Brian Oteroin Opposition to MOTION by Defendants Cook County Illinois, Thomas J. Dart to stay 71 *Class Certification* (Zolna, Jacie) (Entered: 03/21/2014) |
|---|---|---|
| 03/25/2014 | 74 | MINUTE entry before the Honorable Amy J. St. Eve:Motion hearing held on 3/25/2014. Defendants' motion to stay class certification 71 is entered and taken under advisement. Defendants' response to plaintiff's motion for class certification 60 shall be filed by 4/10/14. Reply by 5/1/14. Mailed notice (kef, ) (Entered: 03/25/2014) |
| 03/26/2014 | 75 | MINUTE entry before the Honorable Amy J. St. Eve: Defendant's motion to stay class certification 71 is denied. The Court is not persuaded that Defendant needs the additional discovery to respond to the pending motion for class certification as opposed to addressing the merits of the underlying action. In addition, much of the noted discovery is in Defendant's possession.Mailed notice (kef, ) (Entered: 03/26/2014) |
| 03/28/2014 | 76 | ATTORNEY Appearance for Defendants Cook County Illinois, Thomas J. Dart by Michael L. Gallagher (Gallagher, Michael) (Entered: 03/28/2014) |
| 04/07/2014 | 77 | MOTION by Defendants Cook County Illinois, Thomas J. Dart for leave to file excess pages (Zecchin, Anthony) (Entered: 04/07/2014) |
| 04/07/2014 | 78 | NOTICE of Motion by Anthony E. Zecchin for presentment of motion for leave to file excess pages 77 before Honorable Amy J. St. Eve on 4/10/2014 at 08:30 AM. (Zecchin, Anthony) (Entered: 04/07/2014) |
| 04/07/2014 | 79 | MINUTE entry before the Honorable Amy J. St. Eve: Defendants' motion for leave to file excess pages 77 is granted. Defendants are given leave to file a response brief of up to 40 pages to plaintiff's motion for class certification. Mailed notice (kef, ) (Entered: 04/07/2014) |
| 04/10/2014 | 80 | RESPONSE by Cook County Illinois, Thomas J. Dartin Opposition to MOTION by Plaintiff Brian Otero to certify class *(Renewed)* 60 (Attachments: # 1 Exhibit Interrogatory response, # 2 Exhibit Dep. of Holmes, # 3 Exhibit Luna declaration, # 4 Exhibit Giunta affidavit, # 5 Exhibit Patel declaration, # 6 Exhibit Jones declaration, # 7 Exhibit Dep. of Plainiff, # 8 Exhibit Plaintiff's convictions)(Zecchin, Anthony) (Entered: 04/10/2014) |
| 04/10/2014 | 81 | NOTICE by Cook County Illinois, Thomas J. Dart re response in opposition to motion, 80 (Zecchin, Anthony) (Entered: 04/10/2014) |
| 04/11/2014 | 82 | APPENDIX *of Unpublished Cases* (Zecchin, Anthony) (Entered: 04/11/2014) |
| 04/16/2014 | 83 | MOTION by Plaintiff Brian Otero for leave to file excess pages *(Unopposed)* (Zolna, Jacie) (Entered: 04/16/2014) |
| 04/16/2014 | 84 | NOTICE of Motion by Jacie C Zolna for presentment of motion for leave to file excess pages 83 before Honorable Amy J. St. Eve on 4/22/2014 at 08:30 AM. (Zolna, Jacie) (Entered: 04/16/2014) |

| 04/17/2014 | 85 | MINUTE entry before the Honorable Amy J. St. Eve: Plaintiff's motion for leave to file excess pages 83 is granted. No appearance is required on the 4/22/14 notice date. Mailed notice (kef, ) (Entered: 04/17/2014) |
| --- | --- | --- |
| 04/18/2014 | 86 | ATTORNEY Appearance for Plaintiff Brian Otero by Alexandra Leigh Nickow (Nickow, Alexandra) (Entered: 04/18/2014) |
| 04/28/2014 | 87 | REPLY by Plaintiff Brian Otero to response in opposition to motion, 80 , motion to certify class, 60 (Zolna, Jacie) (Entered: 04/28/2014) |
| 04/30/2014 | 88 | MINUTE entry before the Honorable Amy J. St. Eve: Status hearing set for 6/30/14 is stricken and reset to 7/2/2014 at 08:30 AM.Mailed notice (kef, ) (Entered: 04/30/2014) |
| 06/30/2014 | 89 | MINUTE entry before the Honorable Amy J. St. Eve: Status hearing set for 7/2/14 is stricken and reset to 8/13/2014 at 08:30 AM.Mailed notice (kef, ) (Entered: 06/30/2014) |
| 08/11/2014 | 90 | MINUTE entry before the Honorable Amy J. St. Eve: Status hearing set for 8/13/14 is stricken and reset to 9/3/2014 at 08:30 AM.Mailed notice (kef, ) (Entered: 08/11/2014) |
| 09/02/2014 | 91 | MINUTE entry before the Honorable Amy J. St. Eve:Plaintiff's renewed motion for class certification 60 is granted with a modification of the class definition. [For further details, see separate Memorandum Opinion and Order.] Mailed notice (kef, ) (Entered: 09/02/2014) |
| 09/02/2014 | 92 | MEMORANDUM Opinion and Order Signed by the Honorable Amy J. St. Eve on 9/2/2014:Mailed notice(kef, ) (Entered: 09/02/2014) |
| 09/03/2014 | 93 | MINUTE entry before the Honorable Amy J. St. Eve:Status hearing held on 9/3/2014 and continued to 10/21/2014 at 08:30 AM. Fact discovery shall be completed by 1/9/15. Parties are directed to contact the courtroom deputy, 312/435-5879, by 9/23/14 to inform the court whether or not they are interested in participating in a settlement conference. Parties are directed to meet and confer pursuant to Rule 26(f) and exhaust all settlement possibilities prior to the next status hearing. Mailed notice (kef, ) (Entered: 09/03/2014) |
| 09/05/2014 | 94 | MINUTE entry before the Honorable Amy J. St. Eve: Status hearing set for 10/21/14 is stricken and reset to 10/24/2014 at 08:30 AM.Mailed notice (kef, ) (Entered: 09/05/2014) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 09/17/2014 08:52:15 | | |
| **PACER Login:** | ap0000:3355484:0 | **Client Code:** | 07_117 |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-cv-03148 |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |